UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERYL SAWYERS, :
: NO. 1:11-CV-00025
    Plaintiff, :
:
:
 v. : **OPINION AND ORDER**
:
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant.

This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 16), Plaintiff's Objections (doc. 17), Defendant's Response (doc. 17), and Plaintiff's Reply (doc. 19). In her Report and Recommendation, the Magistrate Judge recommended that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff Disability Insurance Benefits ("DBI") be reversed and this case be remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) (doc. 16). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation to the extent that she found merit to each of Plaintiff's statements of error, but the Court finds no reason for remand for further proceedings as there is substantial evidence in the record supporting an outright award of benefits. Accordingly, the Court REVERSES the ALJ and REMANDS this matter for an award of benefits.

**I.  Background**

Plaintiff filed an application for disability insurance benefits ("DIB") in June 2007, alleging disability since July 4, 2006, due to a herniated disc in the neck, pain in the right shoulder and hands, depression, bulging discs in the lower back, and headaches (doc.16).  Defendant denied Plaintiff's application initially and upon reconsideration (Id.).  Plaintiff subsequently requested a hearing before an administrative law judge ("ALJ"), which she obtained, and at which she was represented by counsel (Id.).  The ALJ denied Plaintiff's application on February 26, 2010, following which Plaintiff requested review by the Appeals Council (Id.).  The Appeals Council denied Plaintiff's request for review, thus making the ALJ's decision the final determination of the Commissioner (Id.).

On appeal to this Court, Plaintiff contends the non-disability determination should be reversed for five reasons (Id.). First, she argues the ALJ erred by failing to afford sufficient weight to the opinions of her treating physicians, including her primary care physician, Dr. Kejriwal; her treating pain management specialists, Dr. Choi and Dr. Lee; and her treating psychiatrist, Dr. Shubs (Id.).  Second, she contends the AlJ erred by failing to properly consider the effects of Plaintiff's obesity in violation of Social Security Ruling 02-01p (Id.).  Third, she argues the ALJ erred by improperly substituting his opinion for that of

Plaintiff's treating physicians (Id.).  Fourth, she argues the ALJ erred by making selective references to the record to support a finding that Plaintiff was not disabled (Id.).  Last, she contends the ALJ posed an improper hypothetical to the VE (Id.).

**II.   The Magistrate Judge's Report and Recommendation**

The Magistrate Judge provided an exhaustive review of the record and summarized Plaintiff's physical and mental impairments (Id.).  The Magistrate Judge found solid objective evidence going all the way back to Plaintiff's work injury in 2006, that showed very significant low back and neck problems (Id.).  The Magistrate Judge found the ALJ's determination to give very little weight to the reports of Plaintiff's four treating physicians was without substantial support in the record (Id.).  In fact, the Magistrate Judge found the ALJ failed to provide an adequate justification for failing to give controlling weight to the opinions of the four treating physicians (Id.).  The ALJ had stated that the opinions of the treating physicians were inconsistent with other evidence of record, but the Magistrate Judge found the ALJ failed to specify what other evidence to which he was referring (Id.).  The Magistrate Judge found the opinions of the treating physicians were entirely consistent with each other and each supported the proposition that she was incapable of even sedentary work due to her work injuries (Id.).  Moreover, the ALJ incorrectly found the opinions of Dr. Shubs, Plainitiff's psychiatrist were inconsistent

with other treating, examining, or reviewing sources (Id.). In fact, the Magistrate Judge noted, Dr. Shub's opinions were consistent with the only other examiner, Dr. Fritsch (Id.). Finally, the Magistrate Judge found the ALJ's reliance on the opinions of the two non-examining state agency evaluators misplaced, as both evaluators gave their opinions early on in the case, well before most of the evidence had come in (Id.).

As for Plaintiff's second assignment of error, that the ALJ failed to properly consider the effects of her obesity (Id.). The Magistrate Judge found the ALJ failed to explain the meaning of his finding regarding Plaintiff's obesity by discussing how it impacted her symptoms (Id.). The Magistrate Judge further found it was impossible to determine whether the ALJ adequately factored the impact of Plaintiff's obesity into his RFC assessment, due to an apparent contradiction between the ALJ's determination that obesity aggravated her symptoms and a consulting physician's opinion to the contrary (Id.). The Magistrate Judge found remand on such issue warranted (Id.).

The Magistrate Judge also found that Plaintiff's remaining three assignments of error should be sustained (Id.). As for the propositions that the ALJ improperly substituted his opinion for that of Plaintiff's treating physicians, and that he made selective references to the record to support a finding that Plaintiff was not disabled, the Magistrate Judge concluded such

propositions were addressed in connection with Plaintiff's assignments of error relating to the treating physicians' opinions and Plaintiff's obesity (Id.). With respect to the final assignment of error, that the ALJ relied on a flawed hypothetical, the Magistrate Judge found the ALJ's RFC assessement ignored the limitations provided by Plaintiff's treating physicians (Id.). Because the ALJ's hypothetical question failed to accurately portray such impairments and limitations, the Magistrate Judge concluded the VE's testimony in response does not constitute substantial evidence that Plaintiff could perform the work identified by the VE (Id.).

The Magistrate Judge concluded her Report with the Recommendation that the Court reverse this matter for further proceedings pursuant to Sentence Four of Section 405(g) (Id.). In the Magistrate Judge's view, "[a]ll essential factual issues have not been resolved," and the current record does not adequately establish Plaintiff's entitlement to benefits as of her alleged onset date.

**III. The Parties' Responses**

Plaintiff contends the Magistrate Judge was correct in sustaining her assignments of error, but that there is no need for remand, as the record shows substantial evidence in the form of her treating physician opinions that she qualifies as disabled (docs. 17, 19). Defendant responds that there was substantial record

evidence suggesting that Plaintiff's impairments were not disabling, but that should the Court agree with the Magistrate Judge's conclusion, a remand would be appropriate (Id.).

**IV. Discussion**

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct to the extent that it demonstrates the ALJ erred in his analysis of Plaintiff's condition. The Court finds the overwhelming record evidence of the treating physician opinions constitutes substantial evidence supporting a finding of disability. As such, the Court sees no need to remand this matter for further consideration, but rather finds appropriate an outright award of benefits. It appears the only factual issue specified as needing resolution was that regarding whether the ALJ properly weighed the impact of Plaintiff's obesity into his residual functional capacity assessment. However, the Magistrate Judge's concern in this regard was rooted in an apparent contradiction in opinions between a consulting physician who found no effect due to obesity and the ALJ who did. Yet the record shows that treating physicians also found obesity had an effect, which validates the ALJ's conclusion. Under these circumstances, the Court finds no real unresolved essential factual issue. The record establishes Plaintiff's disability and remand would only create delay.

The Parties were served with the Report and

Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation (doc. 16), to the extent that she found merit to each of Plaintiff's statements of error. However, the Court REJECTS the Report and Recommendation in part, to the extent that it finds no reason for remand for further proceedings as there is substantial evidence in the record supporting an outright award of benefits. Accordingly, the Court REVERSES the ALJ and REMANDS this matter for an award of benefits.

SO ORDERED.

Dated: February 17, 2012     /s/ S. Arthur Spiegel

                                         S. Arthur Spiegel
                                         United States Senior District Judge